Morris Eder, J.
Plaintiff moves for a temporary injunction restraining defendant from using plaintiff’s fabrics as sample pieces; representing that such sample pieces are defendant’s; copying the designs and patterns of such particular fabric and advertising or otherwise representing that same are fabricated by defendant. No basis exists to grant a monopoly in a design or pattern to the originator of an unpatented or unpatentable idea; anyone may copy fabric designs or patterns not protected by a design patent or copyright (Cheney Bros. v. Doris Silk Corp., 35 F. 2d 279, cert. denied 281 U. S. 728; Mavco, Inc., v. Hampden Sales Assn., 273 App. Div. 297). The exceptional cases of International News Service v. Associated Press (248 U. S. *180 215) and Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp. (199 Misc. 786, affd. 279 App. Div. 632) deal with direct appropriation of intangibles, news items being directly copied in the former and music-over-the-air being directly recorded in the latter. They are not deemed applicable in this field. (See Millinery Creators Guild v. Federal Trade Comm., 109 F. 2d 175, affd. 312 U. S. 469.) Having purchased plaintiff’s fabric defendant could use it for any legitimate purpose so long as it did not simulate plaintiff’s packaging, advertising, or induce confusion in the trade with intent to deceive those desirous of buying the fabric as plaintiff’s make. On these papers it must be held that no adequate showing of deception or confusion has been made; defendant says it has used plaintiff’s pieces as its samples without representing that those pieces were manufactured by it but with the understanding that the actual goods thereafter delivered on orders then received would be of its own manufacture. At least, so it is now claimed and no proof to the contrary is presented by plaintiff. Such practice may be sharp, since it enables defendant to get orders on the basis of samples in the form of plaintiff’s goods prior to the making of any of the goods by defendant itself, then being copied from plaintiff’s fabrics, but it is not illegal according to the authorities unless calculated in some manner to bring about confusion or deception. The fact that defendant is hurting plaintiff’s sales by this maneuver of securing advance orders at lower prices cannot alone be the ground for injunction, absent a showing that defendant is obtaining such orders from customers led to believe that they are buying plaintiff’s fabrics.
Since defendant maintains that it informed customers that the samples had not been converted by it but that it would convert and deliver its own material in accordance with the samples, there can be no harm in granting this motion to the limited extent that defendant do not represent, directly or indirectly, that such pieces of plaintiff’s fabrics were manufactured by defendant. This right of plaintiff is conceded in principle by defendant, and the order would merely continue until the trial the position which defendant claims to have at all times taken. Of course, plaintiff may present at the trial proof, here missing, that the use by defendant of its sample pieces has been tinged with acts or representations warranting injunctive relief.
A suggestion for an early trial has been made. If the parties agree, same may be provided in the order to be settled hereon. Settle order.